**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Michael Calvin Francis,                                        Civil No. 08-836 (DWF/AJB)

                              Petitioner,

                                                              **ORDER ADOPTING REPORT**
v.                                                            **AND RECOMMENDATION**
                                                              **AND MEMORANDUM**

Joan Fabian,

                              Respondent.

_____

Gary R. Wolf, Esq., Wolf Law Office, counsel for Petitioner.

J. Michael Richardson, Assistant Hennepin County Attorney, Hennepin County
Attorney's Office, counsel for Respondent.

_____


        This matter is before the Court upon Petitioner Michael Calvin Francis's

("Petitioner") objections to Magistrate Judge Arthur J. Boylan's Report and

Recommendation dated March 4, 2009, recommending that Petitioner's Application for a

Writ of Habeas Corpus under 28 U.S.C. § 2254 be denied and that this action be

dismissed with prejudice.

        The Court has conducted a *de novo* review of the record, including a review of the

arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local

Rule 72.2(b).  The factual background for the above-entitled matter is clearly and

precisely set forth in the Report and Recommendation and is incorporated by reference

for purposes of Petitioner's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.      Petitioner Michael Calvin Francis's objections to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated March 4, 2009 (Doc. No. 31), are **DENIED**.

2.      Magistrate Judge Arthur J. Boylan's Report and Recommendation dated March 4, 2009 (Doc. No. 22), is **ADOPTED**.

3.      Petitioner's Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED**.

4.      This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 23, 2009              s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge

**MEMORANDUM**

This Court has reviewed the trial transcript in this matter.  The Court agrees with the United States Magistrate Judge and finds that the Minnesota Supreme Court reasonably applied federal law and reasonably determined the facts in light of the evidence presented in concluding that if trial counsel had addressed Petitioner's concerns, the result of the trial likely would not have been different.  As noted by the Minnesota

Supreme Court and then again by the United States Magistrate Judge, there were a number of examples under both federal and state law where the prosecutor engaged in improper conduct during the trial, including during closing argument. However, those comments were not so egregious as to affect the verdict in the case or to otherwise infect the proceedings, even if cumulatively considered for their effect on the verdict and the issue of prejudice to the Petitioner. Careful scrutiny of the trial transcript establishes that the prosecutor's improper conduct and improper remarks during closing argument had little, if any, role in the jury's verdict.

This Court takes its cumulative analysis one step further, given the allegations by current counsel for the Petitioner. Petitioner, at this time, alleges that another compelling basis for an evidentiary hearing is for the Court to consider the lack of professionalism by his own trial counsel so that Petitioner can be "given the chance to air the myriad examples of his lawyer's incompetence, or to these factual errors." Even when defense counsel's behavior is examined in the context of the allegations of prosecutorial misconduct cumulatively, again, there is little, if any, likelihood that the jury verdict would have been different. An evidentiary hearing would give little additional insight to this Court. Significantly, contrary to the assertions of Petitioner's current counsel that the "system" wants this case to disappear, the interests of justice would not be served by doing so. Rather, there is little, if any, likelihood that an evidentiary hearing would shed any additional light on Petitioner's allegations.

Therefore, the Court concludes, as the United States Magistrate Judge did, that despite the improper conduct by the prosecutor in the course of the trial, the Petitioner received a fair trial from a fair and impartial jury and that the result of the trial does not shock the conscience. The Court also concludes that the prosecution's and defense counsel's conduct did not render the trial fundamentally unfair. The Court does not take lightly Petitioner's allegations of lack of professionalism and incompetence by his trial counsel or Petitioner's allegations of prosecutorial misconduct by the prosecution during the trial. However, the trial transcript speaks for itself. Consistent with the evaluation by the Minnesota Supreme Court and the United States Magistrate Judge, in this Court's view, the Petitioner received a fair and impartial trial from a fair and impartial jury. The conduct of the lawyers, cumulatively or otherwise, had little, if any, effect on the verdict in the case. The verdict would have been the same. For these reasons, the Court respectfully denies the objections of the Petitioner and adopts the Report and Recommendation.

D.W.F.